UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALIOUNE BADARA SIMAKAN,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26cv734 DRL-SJF |

ORDER

Immigration detainee Alioune Badara Simakan, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden filed a response. Mr. Simakan did not file a reply, and the time for doing so expired. The petition is ready to be decided.

Mr. Simakan is a citizen of Guinea who entered the United States around 2016. On July 3, 2025, an immigration judge denied his applications for asylum and withholding of removal and ordered him removed to Mexico or, alternatively, to Guinea [7-1]. He appealed to the Board of Immigration Appeals (BIA). On May 27, 2026, he filed this habeas corpus petition. On June 25, 2026, the BIA dismissed his appeal of his removal order [7-2]. He remains in custody at Miami Correctional Facility pending his removal.

The Warden argues that, because the BIA dismissed Mr. Simakan's appeal of his removal order, he is now subject to a final order of removal and thus subject to mandatory detention under 8 U.S.C. § 1231. As discussed, Mr. Simakan did not file any reply and does

not respond to or dispute this argument, and there is no evidence he has any further appeals pending.

Here, because Mr. Simakan is subject to an order of removal that has become administratively final, the basis for his detention has shifted from 8 U.S.C. § 1226 (governing detention while removal proceedings are pending) to 8 U.S.C. § 1231 (governing detention while the government effectuates a removal order). By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). This 90-day period is measured from the beginning of the removal period, not from the beginning of detention. The removal period begins on the latest of three events: (1) when the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Simakan does not dispute that his removal order became final on June 25, 2026, the day the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a) (providing that an immigration judge's removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Thus, the undisputed facts show he is still in the 90-day removal period, during which detention is mandatory.[1] Therefore, his detention is mandated by 8 U.S.C. § 1231(a)(2), and the court may not order his release.

---

[1] Even after this 90-day period, continued detention is authorized under 8 U.S.C. § 1231(a)(6) for several groups of noncitizens for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Mr. Simakan is still in the removal period, it is unnecessary to discuss this possibility further.

For these reasons, the court DENIES Mr. Simakan's habeas corpus petition (ECF 2) and DIRECTS the clerk to close this case.

SO ORDERED.

August 17, 2026

*s/ Damon R. Leichty*
Judge, United States District Court